IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

WILLIAM & CRYSTAL OLSON,    )
husband & wife,             )  No.
                            )
       Plaintiffs,          )
                            )
       v.                   )
                            )  COMPLAINT AND JURY DEMAND
ARMADA CORP., a Washington  )
State corporation,          )
                            )  JURY TRAIL DEMANDED
       Defendant.           )
_____)

COME NOW the plaintiffs, William & Crystal Olson, ("Olson"),
by and through their attorney, James Sturdevant, and for their
Complaint, allege the following:

## I. INTRODUCTION

1.  The Olsons first learned of the debt when they sought to
obtain a home loan.  The debt appeared on their credit report.
They reached a settlement of the debts with a regular monthly
payment.  Aramada did not honor the settlement.  Instead, on
March 18, 2019, Armada Corp., a Washington State corporation
("Armada") filed a lawsuit against the Olsons in Whatcom County

COMPLAINT - 1/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

District Court Case No. CV19-0395 to collect two debts.  Only William Olson ("William") signed on the debts.  Crystal Olson ("Crystal") did not.  Yet the Complaint sought judgment against William separately, Crystal separately and the marital community. Crystal's separate estate was not liable on the debts.

## II.

## JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 1692k(d), 1691e(f), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## III. VENUE

3.  Venue in this judicial district is proper pursuant to 28 U.S.C. 1391(b), 1692k(d), and 1691e(f), for Defendant transacts business in this judicial district and Plaintiffs reside in this judicial district.

## IV. PARTIES

### A. PLAINTIFFS OLSON

4.  Plaintiffs at all times relevant hereto resided in this judicial district.  They are consumers as defined in 1692a(3),

COMPLAINT - 2/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

for they are natural people who are obligated or allegedly obligated to pay a consumer debt as defined in 1692a(5).

**DEFENDANT ARMADA**

5.   Defendant Armada is a debt collector as defined in 1692a(6).

6.   It is registered with the Washington State Department of Revenue as a collection agency.

7.   The principal purpose of Armada is to collect debts.  It has six offices using the instrumentality of interstate commerce and the mails.

8.   Armada regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.   Armada regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

10.   The subject of the lawsuit is Armada's attempts to collect two consumer debts.

**FACTS**

COMPLAINT - 3/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

11.   During coverture, William incurred two debts with Red Canoe Credit Union ("Red Canoe") in Longview, Washington.  He made his payments on both debts through automatic withdrawals from his accounts at Red Canoe.

12.   During late 2015, William terminated his employment. His paychecks were no longer deposited into Red Canoe and the accounts were ultimately closed.  According to the records obtained in the state court action, he made his last payment during December 2015.

13.   During February 2016, Red Canoe sent the accounts to Defendant.  In the state court action, Armada answered the following interrogatory as follows:

> "**INTERROGATORY NO. 15:**  State the dates of all letters you sent to William and the dates of all telephone calls to him. **ANSWER:**
>
> June 9, 2016, July 1, 2016, July 8, 2016, July 15, 2016, July 29, 2016, August 19, 2016, August 31, 2016, September 14, 2016."

14.   The interrogatory answer did not state if the contacts were by telephone or by mail.  None of their file notes were included and no copies of the letters were attached in spite of request.

15.   All during this time period, William lived at 257 South Seventh Street, Unit D, Lynden, WA 98264-1936.  He also had the

COMPLAINT - 4/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

same telephone number.  If Armada can show that it mailed letters to this address, then the mailbox rule would apply.  William does not remember receiving either letters or telephone calls; otherwise, he would have responded.  Credible discovery response could settle this issue.

16.  William learned that the two debts were in collection when he applied for a house loan and they appeared on his credit report.  He then contacted Armada.  He was prepared to make payments.  He reached an agreement with a female employee at Armada that he would make monthly payments of $150 a month on or about the 16th of each month, beginning February 16, 2019.  She instructed the Olsons to use the website to make the payments.  On the 16th, when William attempted to make the payment, the website would only accept either one-quarter, one-half or full-payment of the two debts.  It would not accept $150 payments.  He contacted a female employee at Armada about the problem with the website.  She replied, "You are late; you are in default; you are on your own."

17.  William sent Armada a letter dated March 6, 2019, asking it, in essence, to validate the debt under 1692g(b).[1] A true and correct copy of the letter is attached as "Exhibit 1."

1.  Henceforth, 15 U.S.C. §§ 1692a, *et seq.* the Fair Debt Collection Practices Act will be referred to as the "FDCPA."  References to sections of it will be "§ 1692...".

COMPLAINT - 5/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

And after he contacted the female employee at Armada, Armada did not send him a validation letter as required after first contact under 1692g(a).  Again, discovery could settle this issue.

18.  Armada did not respond to William's letter and never has.  Instead, it filed a lawsuit against the Olsons on March 18, 2019.  The lawsuit asked for judgment against the separate estate of Crystal.  A true and correct copy of the lawsuit is attached as "Exhibit 2."

19.  After some procedural jockeying, Armada filed an amended complaint.  A true and correct copy is attached as Exhibit 3.  It too asked for judgment against the separate estate of Crystal.

20.  Crystal then filed a motion for summary judgment as to her separate liability.  A true and correct copy of the motion for summary judgment is attached as Exhibit 4.  The court granted the motion for summary judgment with an order dated August 9, 2019.  A true and correct copy of it is attached as Exhibit 5.

21.  The case ultimately settled.

22.  The Olsons business and property was harmed when they had to take time off from work and had to travel from Lynden, WA to Bellingham, WA to meet with their attorney.  Crystal, who was

COMPLAINT - 6/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

not liable on the debt, had to retain an attorney to protect
herself.

### CLAIMS

### I.   FDCPA - CRYSTAL

23.   Plaintiffs repeat, re-allege, and incorporate by
reference all of the above paragraphs.

24.   Armada violated the opening paragraph of 1692e when it
named and sought judgment against the separate estate of Crystal
Olson in the state court lawsuit, when under applicable
Washington law, her separate estate could not be liable on the
debt.

25.   When Armada sought judgment against the separate estate
of Crystal, it violated 1692e(5) for it sought in the lawsuit to
do what it legally could not do.

26.    When Armada sought judgment against the separate
estate of Crystal, it violated 1692e(10).  It was a false
representation that it could do what it was not permitted by law
to do.

27.   When Armada sought judgment against the separate estate
of Crystal, it violated the opening paragraph of 1692f for it was
an unfair, or unconscionable means to collect the debt.

### II.   FDCPA - WILLIAM

COMPLAINT - 7/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

28.   Armada violated 1692g(a) when it did not send William the required validation notice after he called it and asked about the debt.

29.   Armada violated 1692g(b) when it did not respond to William's validation request of March 6, 2019 and instead filed the state court lawsuit on March 18, 2019.

30.   When Armada reached the $150 a month payment agreement due on the 16th of the month beginning February 16, 2018 with William, payable at its website, sent him to its website that refused to accept the agreed upon $150 a month payment, then declared him in default and filed suit against him on March 18, 2019, Armada violated the first paragraph of 1692e, & e(10).

31.   Armada's conduct toward William described in paragraphs 26, 27 & 28 violated the opening paragraph of 1692f for it was an unfair, or unconscionable means to collect the debt.

## FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

32.   Plaintiffs bring the first claim for relief against Defendant under the FDCPA.  Plaintiffs repeat, re-allege and incorporate by reference all other paragraphs.  Defendant's actions violated 1692e, 1692e(10), 1692f, 1692f(1) 1692g(a) & 1692g(b).  These acts and omissions in violation of the FDCPA

COMPLAINT - 8/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

also violated RCW § 19.16, *et seq.*, the Washington Collection
Agency Act ("WCAA"), specifically RCW § 19.16.250(15).  These
acts and omissions are through RCW 19.16.440, a violation of RCW
§ 19.86 *et seq.,* the Washington Consumer Protection Act ("CPA"),
and specifically RCW § 19.86.020.   The cited violation of the
RCW also violated the FDCPA.

## SECOND CAUSE OF ACTION

### WASHINGTON COLLECTION AGENCY ACT

### WILLIAM

33 William is a person as defined in 19.16.100(12).

34. William is a debtor as defined in 19.16.100(7).[2]

35 William owed a claim as defined in 19.16.100(2) to
Armada.[3]

### CRYSTAL

36. Crystal is a person as defined in 19.16.100(12).

37. Crystal is a debtor as defined in 19.16.100(7).

38. Crystal purportedly owed a claim as defined in

---

2. 19.16.100(7)  ""Debtor" means any person owing or alleged to owe a claim."

3. 19.16.100(2) ""Claim" means any obligation for the payment of money or
thing of value arising out of any agreement or contract, express or implied."

| | |
|---|---|
| COMPLAINT - 9/12<br>Case No.<br>Olson | JAMES STURDEVANT<br>ATTORNEY AT LAW<br>119 N. Commercial St. Ste. 920<br>Bellingham, WA 98225<br>ph (360) 671-2990 fax (360) 483-5970<br>email: sturde@openaccess.org |

19.16.100(2) to Armada.[4]

**THIRD CAUSE OF ACTION**

**WASHINGTON CONSUMER PROTECTION ACT**

39.   Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs.

40.   RCW § 19.16.440 makes violations of RCW § 19.16.250(15) an unfair or deceptive act or practice under RCW § 19.86.020 of the CPA.  Under RCW § 19.86.090, Plaintiffs may bring this action.  Also violations of the FDCPA are violations of RCW  § 19.86.020.

41.   The allegations herein meet the five-prong test of *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85 (1986), necessary to show a CPA violation.

A.   RCW § 19.16.440. makes a violation of RCW 19.16 et seq. an unfair or deceptive act or practice under RCW § 19.86.020, the CPA.  In the instant case, Armada, in entering a settlement agreement with William and then refusing to fulfill its settlement agreement, and in asking for judgment against Crystal's separate estate to which it was not entitled, and in its violations of the FDCPA above, violated RCW § 19.16.250(16).

---

4. 19.16.100(2) ""Claim" means any obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

COMPLAINT - 10/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

With the same conduct, it also violated RCW § 19.86.020,
independent of RCW § 19.16.250(16).

B.   In this Complaint, Defendant is a debt collector
collecting a debt.   In collecting a debt, its actions were
performed in trade or commerce.

C.   Defendant's unfair and deceptive practices in violation
the FDCPA and the WCPA affect the public interest under RCW. §
19.86.093 (1) for RCW § 19.16.440 incorporated RCW § 19.16, *et
seq.* into RCW § 19.86, *et seq.*  They also affected the public
interest under RCW. § 19.86.093 (3)(b) & (c) for their unfair and
deceptive practices had and have the capacity to injure.

D.   Defendant's action caused Plaintiffs injury.  They had
to take time off from work and incur expenses to meet with an
attorney and incur attorney's fees to defend against the lawsuit
filed in breach of the settlement agreement.

**X. JURY TRIAL DEMAND**

42.   Plaintiffs are entitled to and hereby demand a trial by
jury.

**XI. PRAYER**

**WHEREFORE,** Plaintiffs pray that the Court grants the
following:

| COMPLAINT - 11/12<br>Case No.<br>Olson | JAMES STURDEVANT<br>ATTORNEY AT LAW<br>119 N. Commercial St. Ste. 920<br>Bellingham, WA 98225<br>ph (360) 671-2990 fax (360) 483-5970<br>email: sturde@openaccess.org |
| --- | --- |

1.  A finding that Defendants violated the FDCPA and a finding that they violated the WCAA and the WCPA and violated both in violating the FDCPA;

2.  FDCPA: Damages pursuant to 15 U.S.C. § 1692k(a)(1) & (2) for statutory damages for each Plaintiff against Defendant for a total of $2,000, actual damages including emotional distress, costs and attorney's fees;

3.  WCAA & WCPA:  Actual damages, treble damages not to exceed $25,000, costs and attorney's fees pursuant to RCW § 19.86.090; and,

4.  Such other and further relief as the Court deems just and proper.

DATED this _____ day of March 2020.


_/s/ James Sturdevant_____
James Sturdevant WSBA #8016
Attorney for the Plaintiffs

COMPLAINT - 12/12
Case No.
Olson

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org